MARY J. DURST ET AL. v. JOHN S. McCAMPBELL.

Application No. 1439.—Decided June 26, 1897.

.1.  Practice in Supreme Court.

When the opinion on a former appeal—the briefs of counsel being lost from the record—failed to disclose whether the point relied on as presenting a conflict between the former decision on such appeal and that in the present one had been passed on, time was allowed to procure and file copies of the lost briefs in order that the conflict might be shown.  (P. 148.)

.2.  Supreme Court—Jurisdiction—Conflict—Questions Decided—Briefs.

Where the briefs of counsel do not show that an assignment of error made on a former appeal was presented to the court, and such assignment was not noticed in the opinion, the question was not so ruled on in such former decision as to give the Supreme Court jurisdiction on the ground that the present ruling conflicts therewith.  (Pp. 148, 149.)

ON MOTION FOR REHEARING.

3.  Limitation—Charge—Case Explained.

In the opinion on the former appeal in this case (McCampbell v. Durst, 73 Texas, 410) the question of limitation was not ruled on,—the instruction presenting that issue being held (without passing on its correctness in law) properly refused, because it made the defense good against all, instead of a part only, of the plaintiffs. (P. 150.)

APPLICATION for writ of error to the Court of Civil Appeals for the First District, in appeal from Nueces County.

Mary J. Durst et al. brought suit in the District Court of Cameron County, against J. S. McCampbell, to remove cloud from title and cancel deeds.  Plaintiffs recovered judgment, which was reversed by the Supreme Court on defendants' appeal.  McCampbell v. Durst, 73 Texas, 410.  The venue being changed to Nueces County, plaintiffs again had judgment, and upon defendant's appeal it was again reversed by the Court of Civil Appeals.  40 S. W. Rep., 315.  Appellees, plaintiffs below, then applied for writ of error, seeking to support jurisdiction on the ground that the opinion overruled the decision of the Supreme Court on the former appeal with reference to the defense of limitation.

After the first of the three following opinions was pronounced, the applicants procured and filed the brief upon the former appeal.  The application being then dismissed for want of jurisdiction in pursuance of the second opinion, petitioners moved for a rehearing, and upon this motion the third opinion following was delivered.

*Bethel Coopwood, J. O. Nicholson, Thos. W. Dodd* and *G. R. Scott & Bro.*, for applicants.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error to a judgment of the Court of Civil Appeals which reversed the judgment of the District Court and remanded the cause. In order to show jurisdiction in this court, it is alleged in the petition for the writ that the decision of the Court of Civil Appeals is in conflict with the decision of the Supreme Court in the same case reported in 73 Texas, 410, upon the question whether or not the action was barred by the statute of limitations of four years. It is impossible to determine from the report of the case upon the former appeal whether that question was passed upon by this court or not. By referring to the original transcript on that appeal, we find that the appellants assigned error in the action of the trial court in overruling their exception to the petition upon the ground that the action was barred by the statute of limitation. But the briefs which were filed upon that appeal have been lost from the file; and we cannot ascertain, whether the assignment was carried into the brief or not. If not, it was waived and the question was not before the court. If it was, the question was presented and we think it is fairly to be presumed, that the court held the assignment not well taken. If so, then there is a conflict between that decision and that of the Court of Civil Appeals.

Thinking it probable that a copy of the brief referred to may be procured and presented to this court and that it will show definitely whether the assignment was presented or not, we will suspend action upon the application for two weeks, so as to give counsel an opportunity to procure and present such copy. If presented, it should be accompanied with satisfactory evidence that it is a true copy of the original filed in the Supreme Court.

Delivered May 20, 1897.

———

GAINES, CHIEF JUSTICE.—On a former day of this term we announced that we would suspend action upon the application in this case, in order to give the applicants an opportunity of showing that the seventh assignment of error upon the former appeal was presented by the brief of appellant filed upon that appeal. In that assignment of error it was complained that the trial court erred in overruling a special exception to the petition which set up that the action was barred by the statute of limitation of four years.

Printed copies of two briefs have been presented, one signed by Wells & Hicks, Stanley Welch and Mason & Carr as attorneys for the appellant—the other by Wells & Hicks and Waul & Walker as such attorneys. The latter is the more elaborate brief of the two, and was, as we think, intended as an amendment and substitution of the former. We infer also that the latter is the brief which came to the hands of the reporter. The summary of the points made for appellant is taken from the brief upon which the names of Wells & Hicks and Waul & Walker

appeared as counsel in the case. McCampbell v. Durst, 73 Texas, 411. Besides, it appears from the brief of appellees, a copy of which has also been furnished us and which seems to be an answer to the first brief mentioned, that the latter was objected to in many particulars, upon the ground that it was not in compliance with the rules. It was especially objected that no statements were made under many of the propositions. The brief signed by Wells & Hicks and by Waul & Walker is not subject to these objections. We think that it is reasonably to be inferred from these facts that the last mentioned brief was filed to cure the defects in the former, and that it was upon this brief that the case was submitted and decided. The assignment of error which, as stated above, raises the question of the bar of the statute of limitations of four years is not presented in this brief. We conclude, therefore, that the question was not before this court upon the former appeal; and the conclusion is strengthened by the fact that no allusion to the point is made in the elaborate opinion of Judge Acker upon which the case was then reversed. If presented it must have been passed upon by the court adversely to the appellant on that appeal, although not referred to in the opinion; and the decision of the Court of Civil Appeals would have been in conflict with that decision upon that point. But since we conclude that the question was not presented on the former appeal, we find no conflict.

Since the decision of the Court of Civil Appeals does not overrule the decision of this court, as claimed in the writ of error, the application is dismissed for want of jurisdiction.

Delivered June 3, 1897.

---

ON MOTION FOR REHEARING.

GAINES, Chief Justice.—Two points are urged in this motion for a rehearing.

It is first insisted that we were in error in concluding that the first brief filed in the case was not considered; and in support of that contention, we are furnished by counsel with the following extracts from the minutes of the Court upon the former appeal.

"January 16, 1886.

"Submitted in briefs for both parties and printed argument for appellees.

"March 16, 1886.

"Submission set aside and counsel for plaintiff allowed until next term to file brief under the rules.

"February 8, 1887.

"Submitted on briefs for both parties and printed argument for appellees. Motion 124 submitted with the case."

These extracts do not show that the case was disposed of upon that appeal upon the points made in the brief first filed. On the contrary,

they evince that such was not the fact. As pointed out in the opinion in which we gave our reasons for dismissing the application, the first brief did not comply with rules and was objected to upon that ground in the brief for the appellees. The second brief does comply with the rules; and hence it is apparent from the minutes that the submission was set aside in order to permit a proper brief to be filed, and that such brief was filed as a substitute for the first. It is of no consequence that no formal order was entered striking out the first brief. It was most likely abandoned by counsel for appellants of their own volition.

The second point is that the question of the statute of limitations of four years was raised in the sixtieth assignment of error, which was presented in the amended brief. That assignment complains of the refusal of the court to give the following special charge:

"Fraud is never presumed, but must be proved, as any other fact in the case, though same may be proved by circumstantial evidence. Fraud does not make void a contract, but makes it voidable, and, if you find the said agreement is fraudulent, as between them, you will consider whether the impeachment of the same by plaintiff is within the limitation of time prescribed by law. All actions to avoid a contract for fraud, when such instrument is in writing, must be brought in the State within four years after such cause of action accrues, and, if said agreement was recorded in the county where administration was more than four years prior to bringing the action, you will find for defendant."

The requested charge involves the question of the statute of limitation in connection with the question of fraud. It is based upon the legal proposition that the plaintiffs below could not attack the transaction for fraud after the lapse of four years, and concludes by telling the jury, if that period had elapsed before the bringing of the suit, to find for the defendant—meaning, of course, against all the plaintiffs. Even had this court upon the former appeal been of opinion that the legal proposition was correct, the assignment could not have been sustained. In the opinion of Judge Acker, which disposes of the question of the correctness of another special instruction asked by the defendant, it is said:

"We think the court did not err in refusing to give the special charge number three, because the charge as asked required the jury to return a verdict against all of the plaintiffs if they believed the contract was tainted with fraud, when, as we have seen, two of the plaintiffs were not in fact parties to the contract. There was nothing fraudulent in the contract; whatever fraud there was, was in the acts subsequent to the execution of the contract, and with these none of the appellees appear to have had any connection."

It is deducible from this statement that, in the opinion of the court, the requested charge was properly refused, because it was made applicable to all the plaintiffs when some of them were not participants in the alleged fraud. For these reasons, we adhere to our former conclusion

that the question of the statute of limitation was not passed upon on the former appeal.   We are strengthened in this conclusion by the fact the writer of the present opinion was a member of the court when the case upon the previous appeal was determined, and that, while he remembers that it was carefully and laboriously considered, and recalls many of the points involved, he has no recollection that the question of the statute of limitations of four years was one of them.

We appreciate the fact that this litigation has already been protracted to great length, and that it is desirable and important that it should be brought to an end.   Besides, we have no disposition to shirk the labor and responsibility of determining the questions involved.   But these considerations do not justify us in assuming a jurisdiction which has not been conferred upon the court by our Constitution and statutes.

*The motion for rehearing is overruled.*

Delivered June 26, 1897.