**Gib CALLAWAY et al., Appellants,**

v.

**B. A. DUFFY et al., Appellees.**

**No. 3520.**

Court of Civil Appeals of Texas.

Eastland.

July 8, 1960.

Rehearing Denied July 29, 1960.

Gib Callaway, Brownwood, Scarborough, Black & Tarpley, Abilene, for appellants.

McMahon, Smart, Sprain & Wilson, King & Willoughby, Abilene, for appellees.

COLLINGS, Justice.

This suit was brought by Gib Callaway, individually and on behalf of other royalty owners who derive their title from or through him, against B. A. Duffy and other named defendants seeking a judgment declaring that plaintiffs' and defendants' royalty interests were not pooled under a single oil and gas lease executed by them on separately owned tracts of land. Upon a trial of the case before the court without a jury, judgment was entered on June 30, 1959, holding that the defendants were entitled to share in the royalty from all lands covered by the lease in proportion to their ownership of the minerals. Plaintiffs have appealed.

This is the second appeal of this case. The first appeal was from a judgment dated May 15, 1957, holding that the royalties were not pooled by such lease and that each lessor was entitled to all the royalties paid on oil produced from his own land. Duffy et al. appealed. The opinion of this court in Duffy v. Callaway, 309 S.W.2d 853, 855 (Writ Ref.) is referred to for a statement of the material facts, which were substantially the same in both trials. On the former appeal it was held that when the several owners of the separate tracts executed a single lease "the royalty interests of Callaway and Duffy, Goodloe and Moutray were pooled" and they were entitled to share in the royalty from the land still retained under said lease in proportion to their ownership of the minerals in the retained premises.

It was noted, however, that the original lessee, F. L. Hawk, assigned approximately half of the lease, amounting to about 3,111 acres, to George Livermore and assigned the remaining part to Honolulu Oil Company. Sometime later Livermore surrendered his interest in the lease. The owners accepted the partial surrender and

thereafter for many years each said owner treated his own released minerals and the others as though they had never been included in the joint lease. Each such owner leased his separate interests without joinder of the other owners and each collected and retained the bonuses and rentals paid therefor. We held that such action by the owners of the released interests raised a question of fact as to their intention to terminate the pooling agreement as to the released minerals and partition the same, and the cause was remanded for another trial.

The second trial was upon substantially the same evidence. The court, after hearing the evidence, rendered judgment for the defendants.

As illustrative of the situation over the entire ranch, Callaway made a lease to Barnsdall Oil Company covering some of the lands surrendered by Livermore, among which was the south half of section 59. But for the communitized lease, Duffy, Goodloe and Moutray did not own any interest in the minerals, or royalty, in section 59. Thereafter, production was obtained on the south half of section 59 under the Barnsdall lease and, also, under the original Hawk lease on the north half of section 59. The effect of appellants' contention on this appeal is that since the south half of section 59 was released by Livermore, and Callaway made a new lease on the south half, such action prevents Duffy, Goodloe and Moutray from being entitled to royalties under the south half of said section 59, as well as all other similarly situated lands released by Livermore.

In 5B C.J.S. Appeal and Error § 1821, p. 181, it is said:

"It may be stated as a rule of general application that, where the evidence on a second or succeeding appeal is substantially the same as that on the first or preceding appeal, all matters, questions, points, or issues adjudicated on the prior appeal are the law of the case on all subsequent appeals and will

not be reconsidered or readjudicated therein."

Also see Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681; MacDonald v. Follett, Tex.Civ.App., 193 S.W.2d 287 (Writ Ref.) and authorities there cited.

 Our holding on the former appeal was that the royalty interests of Callaway and Duffy, Goodloe and Moutray were pooled and they were entitled to share in the royalty from the land still retained under the original lease in proportion to their ownership of the minerals therein. In our former opinion we noted that our Supreme Court in Garza v. De Montalvo, 147 Tex. 525, 217 S.W.2d 988, held that "when said lessors subsequently partitioned the leased land and separate ownership was recognized by the lessee the royalty interests were segregated so that each was thereafter entitled only to the royalty produced from his own land." [309 S.W.2d 855.] We further held that such action by the owners of the surrendered portions constituted some evidence of an intention to terminate the pooling agreement as to the released minerals and to partition the same. Our determination of the above questions on the former appeal, which was approved by the Supreme Court, is "law of the case". As heretofore indicated, the second trial was upon substantially the same evidence as the former trial. The only question involved in the second trial was the fact issue presented by the evidence, that is, whether it was the intention of such owners to terminate the presumed pooling agreement as to the released minerals and to partition same. That question has been determined by the trial court.

We overrule appellant's contention that, as a matter of law, when Livermore released the 3,111 acres all pooling rights created by the original lease terminated insofar as the released acreage was concerned. We also overrule the contention, in effect, that when Livermore released the 3,111 acres and the owners accepted the

partial release and treated the released minerals as though they had never been included in the joint lease, all pooling rights created by the original lease terminated as a matter of law. These questions were determined on the former appeal. They are now the "law of the case" and may not be readjudicated.

The judgment of the trial court is affirmed.

WALTER, J., disqualified and not sitting.