**Arthur P. TERRELL, Appellant,**

v.

**LOMAS & NETTLETON FINANCIAL CORPORATION, Appellee.**

**No. 705.**

Court of Civil Appeals of Texas, Tyler.

June 21, 1973.

Rehearing Denied July 12, 1973.

Arthur P. Terrell, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Stephen Philbin, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

McKAY, Justice.

Appellant Terrell filed suit against appellee in the District Court of Harris County for damages alleging that appellee failed to notify appellant at his Houston address of the redemption of debentures issued by appellee and owned by appellant, and, alternatively, that appellee did not give appellant reasonable notice of such redemption. Appellee's plea of privilege was overruled by the trial court, but on appeal, the Court of Civil Appeals reversed and the case was transferred to Dallas County. Both parties filed motions for summary judgment, and the trial court overruled ap-

pellant's motion, but granted appellee's motion and judgment was rendered that appellant take nothing.

Appellant brings one point of error contending that the trial court erred in granting summary judgment to appellee because appellant demonstrated a cause of action since the debentures were originally registered in his name, and that when they were redeemed appellee failed to give him reasonable notice of such redemption by written notice or by publication of redemption notice in a paper of general circulation in Houston, the residence of appellant. Appellant claims he was thereby deprived of his right to convert his debentures into common stock shares and make his profit on the transaction.

Appellee's position, in its first three reply points, is that there was no evidence that appellee had a duty to notify appellant, who was a holder of unregistered debentures, of the redemption of his debentures at his mailing address in Houston, and that there was no legal or factual basis for any implied obligation to do so, and further, that there was no evidence that appellee had any duty to publish notice of redemption in a paper of general or wide circulation in Houston or Harris County.

By its fourth reply point, appellee maintains that the opinion of the Court of Civil Appeals for the First District of Houston in the case of Lomas & Nettleton Financial Corporation v. Arthur P. Terrell, No. 15,895, delivered April 13, 1972, but ordered not to be published, is the law of the case and controlling here. We agree with these four reply points.

The following terms (among others) appear on each debenture:

"Wallace Properties, Inc. (predecessor to appellee) . . . . promises to pay to bearer (or if this debenture be registered as to principal, then to the registered holder thereof) at the office or agency of the Company . . . . in New York . . . Twenty-Five Dollars. . .

\*    \*    \*    \*    \*    \*

"Each holder of this Debenture by his acceptance hereof authorizes and directs the Debenture registrar to discharge this Debenture from registration on the opening of business on December 1, 1960 and thereafter this Debenture shall pass by delivery unless again registered by principal. Registration as to principal after such date shall occur at the corporate trust office of the Trustee in said Borough of Manhattan, such registration being noted hereon, after which no transfer hereof shall be valid unless made at said office by the registered holder hereof in person or by his attorney duly authorized in writing and similarly noted hereon.

\*    \*    \*    \*    \*    \*

"The Debentures may be redeemed, at the option of the Company, as a whole or from time to time in part, on any date prior to maturity, but not prior to December 1, 1960, upon publication of notice of such redemption at least twice in an Authorized Newspaper, and upon mailing a copy of such notice to the holders of Debentures registered as to principal at their last registered addresses (but failure to give or receive such notice by mail, or any defect therein, shall not affect the validity of the redemption proceedings)."

Appellant acquired the debentures July 1, 1960. On January 23, 1969, a notice of redemption of the debentures was mailed to all debenture owners who had registered their debentures on or after December 1, 1960. Appellant received no such notice, did not read a notice in any newspaper, and did not learn of the redemption until he attempted to collect his coupon which was returned unpaid in June, 1969, which date was too late to redeem his debentures.

The quoted provisions of the debentures required that they be re-registered on or after December 1, 1960, if an owner was to be entitled to have a redemption notice mailed to his last registered address. It is

undisputed that appellant did not send in his debentures to the corporate trust officer to be registered again.

We hold, as did the Houston (1st) Court of Civil Appeals, that, under the terms of the debentures, the company had the option after December 1, 1960, to give notice of its redemption of debentures which had not been again registered by simply publishing a notice of redemption at least twice in an "authorized newspaper." There is no contention that appellee failed to so publish such notice of redemption.

It is undisputed that appellee did not have a record of appellant's address on the date of redemption. It is undisputed that appellee published the notice of redemption in the Wall Street Journal, the New York Times, the Dallas Morning News, the Dallas Times Herald, and the American Banker on seven dates between January 24, 1969 and February 17, 1969.

The debentures were a form of contract, the provisions of which clearly defined the method by which the company was obligated to notify the owners of its debentures, and these express provisions superceded any implied obligation on the company's part to give notice by mail to those who had not complied with the re-registration requirement.

As pointed out by the Houston Court, the law is well settled that where a contract contains an express covenant upon a subject, no implied covenant can exist as to the same subject. Kingsley v. Western Natural Gas Co., 393 S.W.2d 345 (Tex.Civ.App.—Houston 1st, 1965, wr. ref'd n. r. e.); 13 Tex.Jur.2d, p. 351, Contracts, sec. 164.

Appellant apparently maintains that he is entitled to "reasonable notice" regardless of the language of the debenture, and that reasonable notice is notice by mail to him at his Houston address, or, published notice in a Houston paper. We disagree. With clear and unambiguous terms in the debentures, we believe there is no such implied duty. The record shows no evidence of a duty to notify appellant by mail at his Houston address, or by publication of such notice in a Houston newspaper. We do not believe the re-registration requirement to be so unreasonable or unfair to require that it be disregarded.

This being a summary judgment case, it is our duty to determine whether appellee would have been entitled to an instructed verdict had there been a conventional trial with proofs the same as shown by the summary judgment record. Broussard v. Moon, 431 S.W.2d 534 (Tex.1968). The evidence must be considered in the light most favorable to appellant. Gossett v. Tidewater Associated Oil Co., 436 S.W.2d 416 (Tex.Civ.App.—Tyler, 1968, wr. ref'd n. r. e.). We are of the opinion, considering the evidence in the most favorable light for appellant, that appellee would have been entitled to an instructed verdict had there been a conventional trial with proofs as shown in this record.

We hold that there is no evidence of the breach of a duty under the contract since the record does not show a duty owed and a breach of that duty.

Finally, we hold that the decision by the Houston Court of Civil Appeals, which passed upon the same contentions as made here, is the law of the case and is controlling in disposing of this appeal. While the ultimate issue to be determined by the Houston Court was venue, it was necessary for that court to pass upon the same questions presented here. Callaway v. Duffy, 337 S.W.2d 388 (Tex.Civ.App.—Eastland, 1960, n. w. h.). Appellant's point of error is overruled.

The judgment of the trial court is affirmed.