**Raymond BENHAM, Appellant,**

v.

**D.E. BENHAM, et al., Appellees.**

**No. 07–85–0276–CV**

Court of Appeals of Texas,
Amarillo.

March 17, 1987.

Rehearing Denied April 15, 1987.

Marilyn Phelan, Phelan, Moreland & Goff, Levelland, for appellant.

Cecil Kuhne and Brad Crawford, Crenshaw, Cupree & Milam, Lubbock, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Raymond Benham perfected this appeal from a take-nothing judgment rendered after a jury trial on his action. Raymond, suing individually and as a shareholder, as well as on behalf of other shareholders, of B & B Cattle Company, brought the action against D.E. (Gene) Benham, W.C. (Mutt) Benham, B & B Cattle Company, and Morton Leasing, Inc., d/b/a Baileyboro Farms, to rescind the conveyance of the assets and liabilities of B & B Cattle Company to Morton Leasing, Inc., to compel the return of the properties, to impose a constructive trust on the real property conveyed to Morton Leasing, Inc., and for other relief. Upon the following explication, we affirm.

Raymond, Gene, and Mutt each owned one-third of the shares, and were officers and directors, of B & B Cattle Company, a Texas corporation. Gene owned 50% and Mutt owned 35% of the shares, and were the principal officers and directors, of Morton Leasing, Inc. On 1 May 1975, a noticed annual meeting of B & B Cattle Company's shareholders was held without attendance by Raymond, who sent his agent with a power of attorney. During the meeting, Gene, Mutt, and Raymond were elected as directors for the ensuing year. At a following board of directors meeting, B & B Cattle Company, acting through Gene and Mutt in the absence of Raymond, transferred its assets and liabilities to Morton Leasing, Inc. The conveyance of B & B Cattle Company's land, together with its mineral and royalty interests in other land, located in Bailey County was evidenced by a deed dated 1 May 1975 and recorded 2 January 1976. Thereafter on 16 March 1981, the charter of B & B Cattle Company was forfeited by the Texas Secretary of State for its failure to pay franchise taxes.

Raymond filed his original petition on 13 May 1983. In his live trial pleadings, Raymond alleged, inter alia and in brief, that the 1 May 1975 transaction, which he did not learn about until 15 July 1981, was, in effect, illegal for the lack of authorization, not fair, and constituted fraud by Gene and Mutt to deprive him and B & B Cattle Company of their entire interest. By his action, Raymond sought to secure for B & B Cattle Company damages, the rescission of the 1 May 1975 sale and the return of all assets, an accounting of the revenues and expenses accruing from B & B Cattle Company's assets since 1 May 1975, and the imposition of a constructive trust upon the real property for the benefit of B & B Cattle Company and its shareholders. He also sought exemplary damages, together with his expenses and reasonable attorney's fees, from Gene, Mutt, and Morton Leasing, Inc.

Gene, Mutt, Morton Leasing, Inc., and B & B Cattle Company answered. In their answer, they included special exceptions, a general denial, and affirmative defenses, which embraced limitations and, on behalf of Morton Leasing, Inc., adverse possession.

The jury affirmatively found, in response to the first five special issues submitted, (1) the elements of false representation by Gene and Mutt; (2) that the 1 May 1975 transaction was not fair, honest and reasonable; and that, had the 1 May 1975 transaction not taken place, the sum of money to fairly and reasonably position (3) Mutt, (4) Gene, and (5) Morton Leasing, Inc. was "None." Special issue no. 6 was submitted and answered in this language:

Do you find from a preponderance of the evidence that Raymond Benham knew or should have known by or prior to May 12, 1979, of the transactions whereby the assets of B & B Cattle Company were conveyed to Morton Leasing, Inc.?

You are instructed that any knowledge that the agent of Raymond Benham has, is knowledge to Raymond Benham. You are further instructed that actual notice means those things of which the one sought to be charged has express information. You are further instructed that notice also includes those facts which reasonable inquiry would have disclosed, the duty of inquiry extending only to matters that are fairly suggested by the facts really known. In other words, whatever fairly puts a person upon inquiry is actual

notice of the facts that would have been discovered by reasonable use of the means at hand.

Answer "He did know" or "He did not know."

ANSWER: <u>He Did Know</u>

By special issue no. 7, the court inquired whether, and the jury found that, Morton Leasing, Inc. held peaceable and adverse possession of the land in controversy for a consecutive period of five years prior to 20 August 1981. In answering the eighth special issue, the jury found that $18,000 should be assessed against Gene as exemplary damages. And, lastly, the jury fixed, by its special issue no. 9 answer, $18,750 as Raymond's reasonable attorney's fees.

After all litigants moved for judgment, the court, reciting that the verdict of the jury was against Raymond, rendered judgment decreeing that Raymond take nothing by his suit. The court made no recorded response to Raymond's requests for findings of fact and conclusions of law and motion to modify the judgment, by which he sought the court to declare the basis for the judgment.

In appealing with nine points of error, Raymond mentions that while the trial court refused to state why it ruled, it could have based its decision on the jury's affirmative answer to special issue no. 6. The answer was a finding of the submitted, pleaded defense of bar to Raymond's action by the four-year statute of limitation, then expressed as:

> Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958) (repealed 1985).[1]

Nevertheless, Raymond challenges both the applicability of article 5529 and the form of its submission. The latter challenge is noticed first.

With his third point of error, Raymond presents his trial court objections that special issue no. 6 is erroneous because (1) the inquiry whether he "knew or should have known" of the transaction lessened the defendants' burden of proof, and (2) the jury was not specifically instructed that the burden of proof was on defendants to prove that he had notice of the transaction. However, the presentation, consisting only of a general argument without citation of any authority to maintain the point, is not in minimal compliance with the briefing rules and, therefore, the point can be considered waived. Tex.R.App.Proc. 74(f); *Estate of Blardone v. McConnico*, 604 S.W.2d 278, 283 (Tex.Civ.App.—Corpus Christi), *writ ref'd n.r.e. per curiam*, 608 S.W.2d 618 (Tex.1980).

Moreover, since Raymond alleged a fraudulent conveyance that he did not learn about until 15 July 1981, the pleaded defense of limitation raised the question when he knew or in the exercise of reasonable diligence should have known of the conveyance. *Wise v. Anderson*, 163 Tex. 608, 359 S.W.2d 876, 879 (1962). The framing of the defensive issue to inquire if the jury found from a preponderance of the evidence that Raymond knew or should have known by or prior to 12 May 1979 of the transaction properly placed the burden of proof on the defendants. *Lloyds v. Hale*, 405 S.W.2d 639, 643 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.). The third point of error is overruled.

By his second point, Raymond submits that the four-year statute of limitation does not bar his recovery because article 5529 expressly does not apply to his suit to recover land. This results, he contends, because in the earlier appeal from a venue ruling, we held, in an unpublished opinion issued in *Benham v. Benham*, No. 07–83–0230–CV (Tex.App.—Amarillo, Jan. 4, 1985, no writ), that his action is a suit to recover land. Therefore, he declares, our holding became the law of the case. *Terrell v.*

---

1. Article 5529 was repealed upon enactment of the Texas Civil Practice and Remedies Code, effective 1 September 1985. Act of June 16, 1985, ch. 959, § 9(1), 1985 Tex.Gen. & Spec. Laws 3242, 3322. The enactment of the Code expresses the limitation in slightly different language. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986).

*Lomas & Nettleton Financial Corp.*, 496 S.W.2d 669, 672 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). We do not agree with the declaration.

In the venue appeal, our attention was focused upon the privilege of Raymond to compel the trial of his action in Bailey County under the then existing authorization of subdivision 14 of article 1995, Texas Revised Civil Statutes Annotated (Vernon 1964) (repealed 1985).[2] At the time of the action, subdivision 14 provided that:

> Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

Then, upon invocation of this venue provision and proof that the land is located in Bailey County, where Raymond filed his action, the only issue before us was whether Raymond's petition showed the other necessary venue fact of subdivision 14 subject matter so as to defeat defendants' plea of privilege. *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69, 71 (1945). Although defendants interposed the objection that Raymond did not allege he individually owns or is entitled to any interest in the land, we determined that his petition, albeit joining distinct causes of action, was formally sufficient to show venue under subdivision 14, for he was not required to establish title in the venue hearing. *Id.* at 72.

■ In making the determination, we gave no consideration to the merits of Raymond's pleaded causes of action, comprehending that the statutory hearing upon the issues made by defendants' plea of privilege and Raymond's controverting affidavit was a trial on the question of venue, not a trial on the merits of the action. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300, 1304 (1936). Thus, the venue proceedings were, and considered to be, merely to determine whether the defendants were suable in Bailey Coun-

ty, but the trial there upon the merits and underlying this appeal was to determine whether they were liable. *Farmers' Seed & Gin Co. v. Brooks*, 125 Tex. 234, 81 S.W.2d 675, 677 (1935). Given this distinction of considerations and proof, we agree, contrary to the holding of *Terrell v. Lomas & Nettleton Financial Corp., supra*, that the finding of a venue fact in a venue proceeding does not become the law of the case or in any way bind the court or jury in a subsequent trial on the merits. *Middleton v. Palmer*, 601 S.W.2d 759, 766 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.).

To reiterate, our focus in the venue appeal was upon the form of Raymond's pleading; however, the entertainment of his second point in this appeal focuses our attention upon the nature of the title he asserted. This results since the title asserted determines whether his action is one for the recovery of lands within the exception to the applicability of the four-year statute of limitation. *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62, 69 (1959).

■ To be an action for the recovery of lands within the exception to the four-year statute of limitation, the title asserted must be one that will support an action in trespass to try title. *Id.; Carl v. Settegast*, 237 S.W. 238, 241–42 (Tex. Comm'n App. 1922, judgmt. adopted and holding approved). And to recover in trespass to try title, the plaintiff must rely upon the strength of his own title, not upon the weakness of the defendant's. *Hunt v. Heaton*, 643 S.W.2d 677, 679 (Tex.1982). But even then, if the equitable powers of the court must be invoked to cancel a deed before an action can be maintained at law to recover the land, the four-year statute of limitation applies, except where the deed is absolutely void, *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 674 (1942), or when the grantor has not parted with equitable title because he was fraudulently

---

**2.** Article 1995, as it existed in amended form, was also repealed upon enactment of the Texas Civil Practice and Remedies Code, effective 1 September 1985. Act of June 16, 1985, ch. 959, § 9(1), 1985 Tex.Gen. & Spec. Laws 3242, 3322.

The enactment of the Code expresses the venue for land actions in similar language. *See* Tex. Civ.Prac. & Rem.Code Ann. § 15.011 (Vernon 1986).

induced to sign the deed. *Miles v. Martin, supra.*

■ In his pleadings, Raymond did not assert his own claim of title to or interest in the land, and rightly so, for it is undisputed that the only ownership interest he has or claims is that of a shareholder of B & B Cattle Company, the former owner and conveyor of the land to Morton Leasing, Inc. He, therefore, did not position himself at the trial on the merits to claim that his action was for the recovery of lands within the exception to the four-year statute of limitation, or, alternatively as he does, that his action is a trespass to try title for recovery of either equitable title or because of a void deed. It follows that Raymond's pleaded causes of action are subject to the four-year statute of limitation. The second point is overruled.

Still, Raymond, who does not challenge the jury's special issue no. 6 answer, contends in his sixth point that, assuming the four-year statute of limitation applies, article 7.12 of the Texas Business Corporation Act expressly permits him three years after B & B Cattle Company was dissolved on 16 March 1981 to bring his action, which was filed before the three-year period elapsed. On the contrary, the article is not equal to the task Raymond assigns to it.

As pertinent to the contention, the statute provides that:

> The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided in this Act, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its officers, directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within

three years after the date of such dissolution....

Tex.Bus.Corp. Act Ann. art. 7.12(A) (Vernon 1980).

■ By its specific language, and interpretation, the statute applies only to existing pre-dissolution claims by or against a dissolved corporation, its officers, directors, or shareholders. *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 549 (Tex.1981). With this character, the statute can have no application in this cause, for B & B Cattle Company was not dissolved by one of the means statutorily specified to effect a dissolution, and the forfeiture of its charter for the failure to pay franchise taxes did not effect a dissolution of the corporation. *Stephens County v. McCammon,* 40 S.W.2d 67, 69 (Tex. Comm'n App.1931, opinion adopted); *Federal Crude Oil Co. v. Yount-Lee Oil Co.,* 35 S.W.2d 111, 114 (Tex. Comm'n App.1931, opinion adopted). *Accord, Isbell v. Gulf Union Oil Co.,* 147 Tex. 6, 209 S.W.2d 762, 764 (1948). The sixth point of error is overruled.

■ In a similar vein, Raymond presents his seventh-point contention that article 5523a of the Texas Revised Civil Statutes Annotated (Vernon 1958) (repealed 1985)[3] applies to grant him ten years after the 2 January 1976 recordation of the 1 May 1975 deed "to recover his interest in the land." As the statute existed, it provided, as bearing on Raymond's contention, that:

> Any person who has the right of action for the recovery of land because of any one or more of the following defects in any instrument ... because the record does not show authority therefor by the Board of Directors and Stockholders (or either of them) of a corporation ... shall institute his suit therefor not later than 10 years next after the date when such instrument has been ... actually recorded in the office of the County Clerk of the county in which such real estate is situated and not afterwards....

3. Article 5523a was another one of the statutes repealed upon enactment of the Texas Civil Practice and Remedies Code, effective 1 September 1985. Act of June 16, 1985, ch. 959, § 9(1),

1985 Tex.Gen. & Spec. Laws 3242, 3322. The enacted Code contains the subject matter of the repealed statute in its section 16.033.

The statute controls, Raymond argues, because the record fails to show authority by the directors or shareholders for the transaction, a technical defect. We cannot agree the statute is applicable.

The operation of the statute is conditioned on an "action for recovery of land." As earlier explicated, Raymond does not assert that he has any title to the land; instead, his action is to rescind the 1 May 1975 sale, secure the return of all assets, real and personal, to B & B Cattle Company, to impose a constructive trust on the properties conveyed to Morton Leasing, Inc. for the benefit of B & B Cattle Company and its shareholders, to force an accounting, and to recover damages. Just as his action is not one for the recovery of lands within the exception to the four-year statute of limitation, for the same and further reasons, his action is not one for recovery of land within the purview of the ten-year statute of limitation.

■ B & B Cattle Company's deed conveying the land to Morton Leasing, Inc. was signed by Gene as president, attested to by Mutt as secretary, and recorded, thereby constituting prima facie evidence that the conveyance was duly authorized. Tex.Bus.Corp. Act Ann. art. 5.08 (Vernon 1980). Then, as it has been long recognized, even though the deed was a transaction involving the same principal officers and directors of both corporations, the deed was not void, but at most only voidable for the pleaded fraud and unfairness. *Tenison v. Patton,* 95 Tex. 284, 67 S.W. 92, 95 (1902). *Accord, Popperman v. Rest Haven Cemetery, Inc.,* 162 Tex. 255, 345 S.W.2d 715, 717 (1961).

■ As we previously held, Raymond, *sans* asserted title to the land, does not possess a title that permits him to recover the land in a trespass to try title action, but he seeks to establish the superiority of B & B Cattle Company's right to the land over that of Morton Leasing, Inc., the record owner. However, before he can establish B & B Cattle Company's superior right to the land, he must first secure a decree setting aside the deed under which Morton Leasing, Inc. holds title. This being the situation, it was long ago determined that his action is not one for the recovery of land in the sense of a limitation statute, *Deaton v. Rush,* 113 Tex. 176, 252 S.W. 1025, 1031 (1923), and thus his action is barred by the four-year statute of limitation. *McCampbell v. Durst,* 40 S.W. 315, 321 (Tex.Civ.App.), *writ dism'd w.o.j.,* 91 Tex. 147, 40 S.W. 955 (1897). The seventh point is overruled.

Because the four-year statute of limitation bars Raymond's recovery of his pleaded causes of action, *Miles v. Martin, supra,* it is unnecessary to address his remaining points of error by which he complains of the inapplicability and submission of the five-year statute of limitation, and asserts his right to a constructive trust and the recovery of monetary awards commensurate with the jury's verdict. Accordingly, the points are overruled.

The judgment is affirmed.