**HICKS et al. v. SIAS et ux.**

**No. 3047.**

Court of Civil Appeals of Texas. Beaumont.
Feb. 16, 1937.

Rehearing Denied March 10, 1937.

W. H. Davidson and Bowers & Ross, all of Beaumont, for appellant.

E. E. Easterling and H. T. Easterling, both of Beaumont, for appellees.

WALKER, Chief Justice.

On the 22d day of March, 1933, the American National Bank of Beaumont filed in the district court of Jefferson county, Tex., as cause No. 40600 on the docket of that court, the following petition against Mrs. Byrdie Eastham:

"No. ——

"The State of Texas, County of Jefferson.
"In the District Court of Jefferson County, Texas

"To the Honorable Judge of Said Court:

"Now comes The American National Bank of Beaumont, a United States Bank-

461

ing Corporation, with its domicile at Beaumont in Jefferson County, Texas, hereinafter called plaintiff and complaining of Mrs. Byrdie Eastham, a widow, who resides in Jefferson County, Texas, but is now without the State of Texas, being temporarily located in the City of New York, State of New York hereinafter called defendant, and for cause of action, plaintiff represents and would show to the court as follows, to-wit:

"Heretofore, to wit, on or about the 27th day of June, A.D. 1932, defendant executed and delivered to plaintiff her certain promissory note in writing, bearing date on such day and year and thereby promised, bound, and obligated herself to pay to the order of plaintiff at Beaumont, Texas, on demand, the sum of Five Hundred and no/100 ($500.00) Dollars, with Eight (8%) per cent interest per annum after date until paid and ten (10%) per cent additional thereon as attorney fees if placed in the hands of an attorney for collection or if collected by suit, which note reads as follows:

" '$500.00                Beaumont, Texas
            " 'June 27th, 1932.

" 'On demand after date, I, we or either of us promise to pay to the order of The American National Bank of Beaumont, Five Hundred & No/100 ($500.00) Dollars, for value received with interest at the rate of Eight per cent per annum after date until paid. And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or if collected by suit or through the Probate Court, an additional amount of ten per cent shall be added to the same as attorney's fees.

The Drawers and Endorsers Severally waive presentment for payment, protest and notice of protest for non-payment of this note.

" 'Payable at the American National Bank of Beaumont, Texas.
" 'No. 91432 Due Demand.
" 'Mrs. Byrdie Eastham
" 'Address Edson Hotel.'

"That plaintiff at such date to the present time is the legal owner and holder of such note and on or before the 1st day of February, A.D. 1933, made demand of defendant to pay the same and defendant failing and refusing, the plaintiff placed such note after such maturity in the hands of the undersigned attorney for collection, agreeing with him to pay him the said amount of Attor-

ney Fees therein stipulated for his services, same being reasonable and the usual and customary fees in such cases.

"Though often requested by plaintiff, defendant has failed and refused and still fails and refuses to pay said note or any part thereof, principal, interest and attorney fees, to plaintiff's damage in the sum of to wit, seven Hundred Fifty & No/100 ($750.00) Dollars.

"Premises considered, plaintiff prays that defendant be cited to appear herein and that on. final hearing it have judgment for its debt, principal, interest and attorney fees and for cost of suit and for general relief.

"Said defendant being absent from the State of Texas, plaintiff hereby makes application that a notice to the defendant requiring her to appear and answer this petition in accordance with law is hereby made."

The Edson Hotel, named as the address of Mrs. Eastham, is in the city of Beaumont, Jefferson county, Tex. On the 25th day of March, 1933, the plaintiff in that suit caused the following citation to be issued to Mrs. Eastham, which was sent to the city of New York, state of New York, for service, and was served as shown by the return attached thereto:

"The State of Texas
"To Mrs. Byrdie Eastham        Greeting:

"You are hereby notified, commanded and required to be and appear in the District Court of Jefferson County for 58th Judicial District of Texas, in the Court House in the City of Beaumont, Texas, at or before ten o'clock A. M. of Monday the 22nd day of May, A.D. 1933, being the Monday next following the expiration of fifty-five days from the date this citation or notice is issued, and to then and there answer the petition of the American National Bank of Beaumont, a United States Banking Corporation, plaintiff filed in said court on the 22nd day of March, A.D. 1933, and is number 40600 on the docket of said court exhibited against Mrs. Byrdie Eastham who is a resident of Jefferson County, Texas, but is temporarily located in New York, N. Y., as defendant, the nature of plaintiff's demand being substantially as follows, to-wit:

"All allegations are fully set forth in accompanying certified copy of plaintiff's original petition.

462

"A copy of this notice together with the accompanying certified copy of plaintiff's petition shall be served you on or before the 29th day of April, A.D. 1933, being thirty-five days from the date of this notice is issued.

"If you fail to appear and answer at or before ten o'clock A.M. of Monday the 22nd day of May, 1933, judgment by default may be rendered against you then or at any time thereafter.

"Issued March 25th, 1933.

"Attest: R. E. Cowan, Clerk of the District Court in and for Jefferson County, State of Texas.

"Given under my hand, and seal of said court at office in Beaumont, Texas, this the 25th day of March, A. D. 1933.

"R. E. Cowan,
"Clerk District Court, Jefferson County, Tex.
"By S. Allen, Deputy.
"Return

"State of New York }
"County of New York } Personally Appeared before me, the undersigned authority William Woolf who being by me duly sworn, deposes and says, that on the 6th day of April, 1933, at 5:00 o'clock P.M. in New York City County of New York State of New York he delivered to Byrdie Eastham the defendant, in person, a true copy of this notice, with a certified copy of the plaintiff's Petition accompanying same, and further, that he is an adult male, and is in no manner interested in this suit.

"William Woolf
"Special Deputy Sheriff,
"New York County, New York.
"Sworn to and subscribed before me, this 10 day of April, 1933.
"Levy
"Notary Public."

Mrs. Eastham never made any sort of appearance—in person, by attorney, or otherwise—in cause No. 40600. On the 2d day of June, 1933, the following judgment was entered in said cause No. 40600:

"No. 40600

"The American National Bank of Beaumont } In the District Court of Jefferson County, Texas.

"On this, the 2nd day of June, A. D. 1933, came on to be heard the above entitled and numbered cause whereupon came plaintiff, Mrs. Byrdie Eastham, although being duly cited according to law, failed to appear or file any answer or make any defense herein, but wholly made default, whereupon plaintiff ought to recover of and from defendant its damages by occasion of its premises.

"And it appearing to the court that plaintiff's suit is based wholly upon an instrument in writing alleged to have been executed by defendant, same being a written promissory note dated June 27, 1932, for the sum of Five Hundred ($500.00) Dollars, executed by defendant, Mrs. Byrdie Eastham, and due and payable on demand, on which note there is now due and owing the principal sum of Five Hundred ($500.00) Dollars, the sum of Thirty-seven & 50/100 ($37.50) Dollars, interest, and the sum of fifty-three & 75/100 ($53.75) Dollars Attorney's fees, making a total of five hundred ninety-one & 25/100 ($591.25) Dollars, for which plaintiff is entitled to judgment.

"It is therefore ordered, adjudged, and decreed by the court that plaintiff, The American National Bank of Beaumont, do have and recover of and from defendant, Mrs. Byrdie Eastham, the sum of Five Hundred Ninety-one & 25/100 ($591.25) Dollars, together with interest thereon from this date at the rate of Eight (8%) per cent per annum, that being the rate of interest stipulated in said note, together with all costs of this suit, for all of which let execution issue.

"Geo. C. O'Brien, Judge."

On the date the above styled and numbered suit was filed against Mrs. Eastham, and on the date she was served with citation, and on the date judgment was rendered against her, she was a bona fide citizen of the state of New York and had been a citizen of that state continuously for several months prior to the institution of the suit; after the entry of the judgment she moved to the state of New Jersey, and has been continuously since that date a citizen of the state of New Jersey. From the date she first became a citizen of the state of New York, she has not been at any time a citizen of the state of Texas. On the date that suit was filed against Mrs. Eastham she was a widow, and remained a widow until she married John M. Sias on the 6th day of May, 1933, and from the date of her marriage she has been continuously the wife of John M. Sias, living with him as his wife, first, in the state of New York and then in the state of New Jersey. The

fact of her marriage was not made known to the American National Bank, and was in no way made an issue in cause No. 40600. On the 29th day of March, A.D. 1934, the plaintiff in cause No. 40600 caused execution to be issued on the judgment in that cause, which was duly levied upon lot No. 11 and the north 15 feet of lot No. 10 and the south 10 feet of lot No. 12 in block No. 29 of the Ogden addition to the city of Beaumont, Tex., as the property of Mrs. Eastham; on the 2d day of April, 1934, that property was duly sold by the sheriff of Jefferson county, as the property of Mrs. Eastham, to the American National Bank of Beaumont on its bid of $300, which was credited upon the judgment; deed was duly made to the American National Bank to that property. In fact, that levy was a mistake, as Mrs. Eastham did not own that property. After its purchase and the execution to it of a deed by the sheriff, the American National Bank sold and conveyed by its warranty deed all that property to appellant herein, Dr. E. R. Hicks. After discovering the mistake in the ownership of the property, the American National Bank, on the 9th day of May, 1934, caused an alias execution to be issued upon its judgment against Mrs. Eastham, reciting the issuance of the first execution and the sale thereunder, and that a balance remained on its judgment in the sum of $321.95; that writ was delivered to the sheriff of Jefferson county for execution, and was by him on the 9th day of May, 1934, levied upon lots Nos. 13 and 14 and the north 40 feet of lot No. 12 in block No. 29 of the Ogden addition to the city of Beaumont as the property of Mrs. Eastham, and was sold at execution sale by the sheriff "as one body or parcel of land" to appellant, E. R. Hicks, on a bid of $450. The property sold under this last levy was in fact the separate property of Mrs. Byrdie Eastham, now Mrs. John M. Sias. The sheriff charged the amount due on the judgment against the amount of Mr. Hicks' bid of $450, and tendered to Mrs. Eastham, now Mrs. Sias, a check for the balance in the sum of $78.40, which she refused to accept.

On the 8th day of May, 1935, John M. Sias and his wife, Mrs. Byrdie Sias, formerly Mrs. Byrdie Eastham, as resident citizens of Mammouth county, N. J., instituted this suit against appellant, E. R. Hicks, and the American National Bank to cancel the judgment recovered by the American National Bank against Mrs. Eastham, now Mrs. Sias, on the 2d day of June, 1933, the alias execution issued on that judgment, its levy upon the separate property of Mrs. Eastham, now Mrs. Sias, the sale of that property to appellant, E. R. Hicks, the deed made by the sheriff to E. R. Hicks under his purchase, and all proceedings had under the judgment of date June 2, 1933, and all proceedings had in that cause, and to recover of appellant, E. R. Hicks, the land sold to him by the sheriff of Jefferson county under the execution sale. The plaintiffs in this cause pleaded the facts generally as stated above, and alleged that the judgment in cause No. 40600 was void, that the executions issued under that judgment were void, that the sale made by the sheriff to appellant, E. R. Hicks, and the deed executed by the sheriff to appellant, E. R. Hicks, were void, and that all proceedings therein were void for the reason that Mrs. Eastham, now Mrs. Sias, was, at the time that suit was instituted and at all times subsequent to the institution of that suit, a nonresident of the state of Texas; that she was a resident citizen of the state of New York, and subsequently a citizen of New Jersey; and that the district court of Jefferson county never acquired jurisdiction of her person, and never had potential jurisdiction of her person. It was further alleged that the sale was void because, at the time of the rendition of the judgment in cause No. 40600, Mrs. Eastham was a married woman and her husband was not made a party to that cause. It was further alleged that the execution sale to appellant, E. R. Hicks, was void because the property was sold in bulk and not as separate lots; that the property sold consisted of three distinct lots, upon each of which was located separate improvements, and that each lot with its improvements was reasonably worth the sum of $5,000; it was further alleged that the amount of appellant's bid was grossly inadequate.

The American National Bank answered by demurrers, by general denial, and by cross-action pleading its original demand against Mrs. Eastham, now Mrs. Sias, with prayer for judgment thereon. Appellant, E. R. Hicks, answered by demurrers, by general denial, by plea of innocent purchaser at the execution sale, etc.

On trial to the court without a jury, judgment was entered in favor of Mr. and Mrs. John M. Sias, canceling the above-described judgment entered against Mrs. Eastham, now Mrs. Sias, on the 2d day of June, 1933, the alias execution issued there-

on, the levy made under that execution, the sale of Mrs. Eastham's separate property made under that execution, the sheriff's deed made to appellant, E. R. Hicks, conveying to appellant the property levied on under the alias execution, and awarding Mr. and Mrs. John M. Sias "the title and possession of said piece or parcel of land lying and being in the city of Beaumont, in Jefferson County, Texas, more particularly described as lots Number 13 and Number 14, and North 40 feet of Lot Number 12 in Block Number 29 of the Ogden Addition to the city of Beaumont, Texas, according to the map or plat thereof recorded in the office of the County Clerk of Jefferson County, Texas, and all improvements thereon." It was further ordered, adjudged, and decreed, that the American National Bank recover of and from Mr. and Mrs. John M. Sias on its cross-action the sum of $308.74 "upon this case being affirmed upon appeal."

No complaint is before us against the judgment in favor of the American National Bank, and it is, therefore, in all things affirmed.

■ Appellant, E. R. Hicks, duly prosecuted his appeal from the judgment against him. It is our conclusion that the judgment of the lower court against appellant, E. R. Hicks, should be in all things affirmed. Since the decision of the Supreme Court of the United States in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, it is now the settled law of American jurisprudence that (a) the authority of every court is restricted by the territorial limits of the state in which it is established; (b) state statutes cannot operate extra-territorially, except so far as is allowed by comity; (c) every state possesses exclusive jurisdiction over persons and property within its territory; (d) process from a state court cannot, by publication or otherwise, run into another state and summon a person domiciled there to answer to proceedings purely in personam; (e) validity of judgment depends on jurisdiction of court before rendition, not upon what may occur subsequently; (f) the jurisdiction of a court to render a judgment against a nonresident may be questioned in a collateral action, wherein such judgment is relied upon. These principles of law, taken from Rose's Notes to Pennoyer v. Neff, clearly support the following conclusion of the court in that case, stated in the second syllabus to the opinion:

"A personal judgment rendered in a State Court, in an action upon a money demand against a non-resident of the State, without personal service of process upon him within the State or his appearance in the action upon service by publication is without any validity; and no title to property passes by a sale under an execution issued upon such a judgment."

Under the doctrine of Pennoyer v. Neff, the personal judgment rendered by the district court of Jefferson county against Mrs. Eastham on the 2d day of June, 1933, was void, and did not support the issuance of the alias execution, nor the levy and sale thereunder, nor the deed made by the sheriff of Jefferson county to E. R. Hicks.

■ Because the judgment was regular on its face, appellant asserts that.Crawford v. McDonald, 88 Tex. 626, 33. S.W. 325, 328, and Reynolds v. Volunteer State Life Ins. Co. (Tex.Civ.App.) 80 S.W.(2d) 1087, support his defense of innocent purchaser. These cases are not in point; the judgments therein were by courts of Texas against citizens of Texas, therefore, the courts of Texas had potential jurisdiction of the defendants. Having potential jurisdiction, the court held in Crawford v. McDonald, on grounds of public policy, that inquiry, in a collateral proceeding, could not be made into facts dehors the record for the purpose of showing its invalidity, on this point saying:

"It is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same! his property had been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically, the judgment is, in fact, void, but on grounds of public policy the courts, in order to protect the property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment."

But the "public policy" of Texas cannot support judgments by its courts against non-residents, for the simple reason that the courts of Texas have no potential jurisdiction over a citizen of another state.

■ On the facts of this case, appellant was not an innocent purchaser; the inadequacy of his bid was sufficient to put him on

inquiry as to the regularity of the judgment. The property purchased by appellant for $450 at execution sale had an actual cash value of at least $5,000 with liens against it of not more than $1,000. Levy v. Roper, 113 Tex. 356, 256 S.W. 251.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.