Malcolm L. BROWN, Individually and as Trustee, et al., Appellants,

v.

G. E. RAMSEY, III, Individually and as Independent Executor of the Estate of G. E. Ramsey, Jr., et al., Appellees.

No. 6149.

Court of Civil Appeals of Texas, El Paso.

Aug. 4, 1971.

Rehearing Denied Nov. 10, 1971.

Thompson, Coe, Cousins, Irons & Porter, Franklin H. Perry, Emory L. White, Jr., Dallas, for appellants.

Kerr, Fitz-Gerald & Kerr, William L. Kerr, Midland, John F. Tomlin, Pecos, for appellees.

## OPINION

PRESLAR, Justice.

This is a bill of review to set aside a prior judgment rendered in 1952, in a trespass-to-try-title suit. Appellants, as Plaintiffs, brought this action on allegations that they are the heirs of four Defendants cited by publication in the prior suit. Some 1000 Defendants were so cited, and Appellants alleged that they nor their predecessors in title had knowledge of such suit and that the affidavit for citation by publication was defective and that it was fraudulent. This suit was commenced in 1962, and came to trial on May 18, 1970, at which time it was dismissed by the sustaining of certain special exceptions to the Plaintiffs' Second Amended Petition and Bill of Review. It is from this order that the Plaintiffs bring this appeal.

In its order sustaining the special exceptions, the Court specifically ruled that the four year statute of limitations barred the present suit. In that ruling, we think the trial Court was correct.

Article 5529, Vernon's Ann.Civ.St. provides:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

This suit is barred by the statute unless it is one, "for the recovery of real estate". The rule is stated in Tex.Jur.2d, Vol. 37, Limitations of Act, Sec. 33, p. 134:

"An action is one for the recovery of real estate when the title asserted by the plaintiff, whether legal or equitable, will support an action in trespass to try title. * * * If, to show title in the land sued for, the plaintiff must first invoke the equitable powers of the court to set aside or reform some deed or other written instrument or judgment, not absolutely void as to the plaintiff, the action is not one to recover real estate."

Citing Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671; Carl v. Settegast (Com. App.) 237 S.W. 238; McCampbell v.

Durst, 15 Tex.Civ.App. 522, 40 S.W. 315 (err. dismd.), 91 Tex. 147, 40 S.W. 955; Gilmore v. O'Neil (Tex.Civ.App.) 139 S. W. 1162 (revd. on other grounds), 107 Tex. 18, 173 S.W. 203.

In the cited case of Slaughter v. Qualls, the Supreme Court explained the rule thus:

"The rule has long been established in this State that where a deed is absolutely void, a suit at law in trespass to try title may be maintained to recover the land without setting the deed aside, and the statutes of limitation governing actions for the recovery of land apply. On the other hand, where a deed is merely voidable and the equity powers of the Court must first be invoked to cancel the deed before a suit can be maintained at law to recover the land, then the four-year statute. Art. 5529, R.C.S.1925, controls."

And to the same ruling, see Lott v. Van Zandt, 107 S.W.2d 761 (Tex.Civ.App.1937, n. w. h.); Neill v. Pure Oil Co., 101 S.W. 2d 402 (Tex.Civ.App. wr. ref.); Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959); and Trustees of Casa View Assem. of God Ch. v. Williams, 414 S.W.2d 697 (Tex.Civ.App. Austin, 1967, n. w. h.). The 1952 suit was a trespass to try title action in which the Ramseys put into evidence, their 1919 deed to the property and obtained judgment awarding them title and possession. In this suit against the Ramseys, Plaintiffs seek to set aside that judgment by Bill of Review, have title and possession restored to them, and have an accounting and recovery of rents and royalties. Under the facts and pleadings of this case, then, Plaintiffs must first invoke the equitable powers of the Court to set aside the judgment which stands as an impediment to their right to recover the property. Such title as they now are able to assert will not support an action of trespass to try title, and their suit is not one for the recovery of real estate. It is then barred by the four-year statute of limitations.

After the Court had announced its rulings on the exceptions, Plaintiffs offered, and were permitted to file, a trial amendment alleging that neither they, nor their predecessors, knew, or in the exercise of reasonable diligence should have known, of the prior judgment, until the fall of 1958, which was less than four years prior to their filing of the present suit; that nothing was brought to their attention which would put them on notice. After permitting this amendment, the Court again sustained the exceptions.

The rule of law is that the statute of limitations will bar the suit four years after one learns, or by the exercise of due diligence would have learned, of the judgment. McDonald Texas Civil Practice, Sec. 18.27.6; (and authorities there cited). The running of the statute being apparent from the face of the Plaintiffs' pleadings, and Defendants having plead the statute, the Plaintiffs then had the burden to plead some excuse which would justify their failure to bring suit within the limitations period. They plead lack of knowledge, but not facts, which the Court could assume to be true, to excuse their failure to comply and show why the statute should not apply to them. In Carminati v. Fenoglio, Tex. Civ.App., 267 S.W.2d 449, (Tex.Civ.App. 1949) (ref. n. r. e.) the Court said:

"We think the burden was on the Carminati group of appellants to allege and offer to prove the existence of facts that would excuse their failure sooner to file the suit. Rowe v. Horton, 65 Tex. 89; Oldham v. Medearis, 90 Tex. 506, 39 S. W. 919; Clopton v. Cecil, Tex.Civ.App., 234 S.W.2d 251, writ refused, n. r. e.; Texas Osage Cooperative Royalty Pool v. Colwell, Tex.Civ.App., 205 S.W.2d 93, writ refused n. r. e.; Mathis v. Stockdick, Tex.Civ.App., 189 S.W.2d 106, writ refused."

In the often cited case of Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, a jury finding was made as to when the

knowledge came, but the Supreme Court held this was not sufficient grounds upon which to base a judgment, and repeating the above rule, said:

"Defendants in error made no attempt, either by pleadings or by proof, to bring their case within this rule. They relied upon the failure to discover such defect, without attempting to show facts excusing their failure to discover such defect; and no attempt is made to show that if they had used reasonable diligence they could not have discovered their cause of action."

" * * * Before he is entitled to recover in this case, he must bring himself within the well-defined rules above stated, long established by the decisions of this court. This was not done."

City of Port Arthur v. Tillman, 382 S. W.2d 138, Tex.Civ.App., reversed on other grounds, 398 S.W.2d 750, Tex.1965, contains a number of quotations and discussions of the facts pleaded and their sufficiency in other cases, and where the facts pleaded were similar to those of this case, they have been held to be insufficient. The Plaintiff-Appellants in the case before us have failed to bring themselves within the rule announced, in that they have failed to plead an excuse for their failure to file suit within four years of the 1952 judgment.

Appellants urge that the Court erred in refusing them the right to further amend. We are of the opinion this does not present reversible error. Their original pleadings had been on file since January, 1962. Eight years and four months later, one week before the hearing in May of 1970, they filed their Second Amended Original Petition, and during the course of the hearing, the trial Court permitted them to file two trial amendments. Under the circumstances, it cannot be said that the Court abused its discretion in refusing further amendments after announcing its ruling.

Being of the opinion that the judgment must be sustained on the basis above discussed, we see no point in discussing the other questions presented. The judgment of the trial Court is affirmed.