COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-298-CV

 

 

IN THE
INTEREST OF E.E.H., A MINOR CHILD

 

                                                                                                        

 

                                              ------------

 

           FROM THE 231ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








        In
this restricted appeal, James Hanners raises five issues challenging the  trial court=s
default judgment modifying his parent-child relationship with his daughter
E.E.H. and declaring him to be a vexatious litigant.  Appellees, E.E.H.=s mother
and mother=s husband, concede that the
portion of the trial court=s
judgment declaring Hanners to be a vexatious litigant should be reversed
because the evidentiary hearing on the motion seeking this relief was not
reported.  We agree; we therefore sustain
Hanners=s
second, third, fourth, and fifth issues to the extent they challenge the
portion of the trial court=s
judgment declaring Hanners to be a vexatious litigant, requiring him to pay
$5,000 to Appellees as attorneys= fees,
and enjoining him from filing pro se litigation.  See Tex.
Civ. Prac. & Rem. Code Ann. ''
11.01-.104 (Vernon 2006); Tex. R. App.
P. 13.1(a) (Aofficial court reporter . . .
must: (a) unless excused by agreement of the parties, attend court sessions and
make a full record of the proceedings@); see
also Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777, 782
(Tex. 2005) (requiring record of pretrial evidentiary hearing).   We now address the merits of Hanners=s
challenges to the remainder of the trial court=s
default judgment.  To prevail in a
restricted appeal, an appellant must establish that (1) he filed notice of the
restricted appeal within six months after the judgment was signed; (2) he was a
party to the underlying lawsuit; (3) he did not participate in the hearing that
resulted in the judgment complained of and did not timely file any postjudgment
motions or requests for findings of fact and conclusions of law; and (4) error
is apparent on the face of the record.  Alexander
v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004).  Here, the parties agree that Hanners meets
the first three requirements of a restricted appeal; the issue remaining for
our consideration is whether the face of the record establishes that the trial
court erred by granting a post-answer default judgment against Hanners.








Hanners filed a Suit Affecting the Parent Child
Relationship (SAPCR) concerning E.E.H., seeking to modify custody of
E.E.H.  E.E.H.=s mother
filed an answer and a counter SAPCR, also seeking to modify custody of
E.E.H.  On December 23, 2004, the trial
court sent out a dismissal notice in 204 cases; our record contains a
twenty-one page document titled ANotice
of Dismissal for the 231st Judicial District Court@ listing
204 cases that were placed on the trial court=s
February 15, 2005 dismissal docket. 
Hanners=s case was listed as the
thirty-third case.  That document
provided, 

In accordance with Rule
165a, the following cases have been placed on a dismissal docket and will be
DISMISSED FOR WANT OF PROSECUTION on February 15, 2005 at 8:30 a.m. unless the
case has been tried or otherwise disposed of by order of the Court prior to
that date.  Failure to appear without
excuse may result in dismissal of the case for want of prosecution or
finalization of this matter.

 

The notice sent to Hanners=s
contained the same language.  The
reporter=s record
indicates that at the beginning of the dismissal hearing the trial court
stated, 

[T]his case was on a
dismissal docket scheduled for today, February 15th, 2005. . .
.  It is currently approximately 8:45
a.m. on February 15th, 2005. 
TheCI believe it=sCCounter-Petitioner is
appearing through her attorney of record. The respondent or original petitioner
and Counter-Respondent, James M. Hanners has failed to appear.  Pursuant to the order setting this matter
for dismissal, the case will proceed on any issues raised by the
Counter-Petitioner, the mother in the case. 
[Emphasis added.]

 








The trial court proceeded to hear evidence on Appellee mother=s
counter SAPCR and granted her all of the relief she requested in a default
judgment entered against Hanners.

A defendant who makes an appearance following
service of process is entitled to notice of the trial setting as a matter of
constitutional due process.  Peralta
v. Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S. Ct. 896, 899‑900
(1988); Mathis v. Lockwood, 166 S.W.3d 743, 746 (Tex. 2005); LBL Oil
Co. v. Int'l Power Servs., Inc., 777 S.W.2d 390, 390‑91 (Tex. 1989);
see also Tex. R. Civ. P.
245.  The trial court errs if it proceeds
to trial when an answer is on file without giving notice of the trial
setting.  Guadalupe Econ. Servs. Corp.
v. Dehoyos, 183 S.W.3d 712, 715-16 (Tex. App.CAustin
2005, no pet.) (citing Terehkov v. Cruz, 648 S.W.2d 441, 442 (Tex. App.CSan
Antonio 1983, no writ)); Campsey v. Campsey, 111 S.W.3d 767, 771 (Tex.
App.CFort
Worth 2003, no pet.) (holding in restricted appeal, AIf the
respondent does not have notice of the trial setting as required by rule 245,
the default judgment should be set aside because it is ineffectual@).








Here, the notice provided to Hanners was not
notice of a trial setting pursuant to rule 245 of the rules of civil procedure
on Appellee mother=s counter SAPCR; it was a notice
of dismissal of Hanners=s SAPCRCalong
with 203 other casesCfor want of prosecution pursuant
to rule 165a of the rules of civil procedure. 
See Tex. R. Civ. P.
165a(1) (ANotice of the court's intention
to dismiss and the date and place of the dismissal hearing shall be sent by the
clerk to each attorney of record, and to each party not represented by an
attorney.@).  The dismissal notice nowhere provides Hanners
with notice of a trial setting on Appellee mother=s SAPCR.

Appellee mother claims that the notice=s
indication that the suit may be dismissed or Afinalized@
provided Hanners with notice of the trial setting.  We cannot agree; to so hold would mean that
the trial court set 204 cases for trial on February 15th at 8:30 a.m.  Because the face of the record shows that
Hanners was served only with a dismissal notice, not notice of a trial setting,
we sustain Hanners=s first issue.








The only issue remaining for our consideration is
whether Hanners has shown error on the face of the record concerning the
dismissal pursuant to rule of civil procedure 165a of his SAPCR.  The rules of civil procedure and due process
require courts to provide litigants with notice and an opportunity to be heard
before the court dismisses the case.  See
Tex. R. Civ. P. 165a; Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999)
(requiring notice and an opportunity to be heard); Dispensa v. Univ. State
Bank, 987 S.W.2d 923, 926‑27 (Tex. App.CHouston
[14th Dist.] 1999, no pet.) (same). 
However, in a restricted appeal the absence in the record of any proof
that notice of intent to dismiss was sent to a party is Ajust
thatBan
absence of proof of error.@  Gold v. Gold, 145 S.W.3d 212, 213
(Tex. 2004) (quoting Lynda's Boutique, 134 S.W.3d at 849)).   

Here, a Fort Worth lawyer filed suit for
Hanners.  Hanners=s
original SAPCR indicated that Hanners=s
address was 181 Merritt Drive, La Vergne, Tennessee, 37086.  Subsequently, Hanners=s
attorney filed a motion to withdraw, which was granted.  Hanners then, proceeding pro se, filed a ANotification
of Change of Address@ indicating that his address had
changed from the Tennessee address to P.O. Box 612682, Dallas, Texas
75261-2682. Eighteen months later, on November 12, 2002, Hanners filed a motion
to recuse the trial court judge, and on that pleading he listed his address as
P.O. Box 590203, San Francisco, California 94159-0203.  A month later, on December 16, 2002, Hanners
filed a pleading, and the signature block on that document again showed the
Dallas P.O. Box as his address. 








The trial court clerk mailed the rule 165a
dismissal notice on December 28, 2004 to Hanners at the San Francisco P.O.
Box.  But, the ANotification
of Change of Address@ filed by Hanners, as well as
the last pleading filed by Hanners, both indicate his address is the Dallas
P.O. Box address.  Rule 21a of the rules
of civil procedure provides that notice may be sent to a party's last known
address.  Tex. R. Civ. P. 21a. 
But the San Francisco P.O. Box was not Hanners=s last
known addressCthe Dallas P.O. Box was based on
the notification of change of address and the most recent pleading filed by
Hanners.  Thus, the record before us affirmatively
demonstrates error on its face via the failure to provide notice of rule 165a
dismissal to Hanners at his last known address. 
See Villarreal, 994 S.W.2d at 630.  This is not a restricted appeal where the
record is simply void of any proof that notice of intent to dismiss was sent to
a party; in this case the record affirmatively demonstrates the notice of
dismissal was sent to an address other than Hanners=s last
known address.  Cf. Gold,
145 S.W.3d at 213.  We sustain the
portions of Hanners=s issues challenging the
dismissal of his SAPCR.

We reverse the trial court=s
judgment, including the portion of the judgment finding Hanners to be a
vexatious litigant, requiring him to pay $5,000 to Appellees as attorneys= fees,
and enjoining him from filing pro se litigation.  We remand Hanners=s and
Appellee mother=s SAPCRs to the trial court for
a new trial.

 

SUE
WALKER

JUSTICE

 

PANEL B:   HOLMAN, WALKER, and MCCOY, JJ.

 

DELIVERED: June 29, 2006











[1]See Tex. R. App. P. 47.4.