**Frank D. TOMPKINS, Jr., et al., Appellants,**

v.

**Juanita Swick HOLMAN et al., Appellees.**

No. 12399.

Court of Civil Appeals of Texas, Austin.

April 28, 1976.

Rehearing Denied May 19, 1976.

Kirk Kuykendall, Lockhart, Kuykendall & Jones, Austin, for appellants.

Coleman Gay, Gay & Latting, Austin, for Juanita Swick Holman.

Sam Houston Clinton, Jr., Clinton & Richards, Austin, attorneys and Temporary Administrator of the Estate of Brooks Natt Holman, Deceased.

PHILLIPS, Chief Justice.

The principal question in this case is whether the trial court was correct in granting appellees' motion for summary judgment based on appellees' plea of *res judicata.*

Appellants[1] brought this suit against Juanita Swick Holman and her husband, Brooks Holman, seeking to set aside a deed to certain land in Harris County, title to which had been in Etta Tompkins now deceased. Etta Tompkins was the mother of the appellants and the grandmother of appellee Juanita Swick Holman, Brooks Holman, who became the executor of Etta Tompkins' estate at her death, subsequently conveyed the property to his wife, the appellee Juanita Swick Holman. Sam Hous-

1. Appellants are Frank D. Tompkins, Jr., Florine Lyall and Frances Wood. In the trial court they were also joined by a sister, Ida Berniece Chancery who, later, died and is not an appellant here.

ton Clinton, temporary administrator of the estate of Brooks Holman, now deceased, was substituted as a party for Holman after his death.

Under the terms of Etta Tompkins' will, her undivided one-half interest in the land in question was devised to her five children. Her husband had previously died intestate and appellants already owned four-fifths of his one-half of the property.

When appellants learned that Brooks Holman, as executor of Etta Tompkins' estate, had conveyed her one-half interest in the property to his wife Juanita in 1969, they instituted a suit in Harris County for trespass to try title. The suit was pleaded in the general unlimited form usually ascribed to this type of suit. In May, 1973, a take nothing judgment was entered against appellants in that suit and title to the undivided one-half interest was vested in Juanita Swick Holman. That judgment became final.

Subsequently, in August, 1973, appellants filed suit in the district court of Travis County, seeking to set aside the deed from Brooks Holman to Juanita Swick Holman, maintaining that the deed should be declared void as supported by no or insufficient consideration, and as being in violation of Tex.Prob.Code Ann. § 352 (1956), and in the alternative, alleging that since appellees' legal title was "based upon such wrongful acts as to constitute a fraud perpetuated upon these plaintiffs . . . that she is holding such legal title under a constructive trust which should be executed by the Court for the benefit of Plaintiffs."

Appellees answered with a general denial, and a plea of *res judicata* based upon the 1973 trespass to try title judgment in favor of Juanita Holman, attaching the pleadings, depositions, and judgment in that cause. The district court then granted appellees' motion for summary judgment based upon appellees' *res judicata* contention, from which action appellants appeal.

■ We hold that appellants' Travis County suit asserts a cause of action to set aside a deed, and as such is not barred by

the trespass to try title judgment from Harris County adverse to them.

■ Appellants contend, and we agree, that their suit to set aside a deed is not barred by the Harris County trespass to try title judgment. We are well aware that the pleadings in trespass to try title put into issue both claims of legal and equitable title, *Texas Creosoting Co. v. Hartburg Lumber Co.*, 12 S.W.2d 169 (Tex.Comm'n App.1929, jdgmt adopted), rehearing denied with written opinion, 16 S.W.2d 255 (Tex. Comm'n App.1929), and that an equitable title has been held to arise from the imposition of a constructive trust. *MacDonald v. Follett*, 142 Tex. 616, 180 S.W.2d 334 (1944). However, appellants now attempt to assert an equitable right, that is, the right to have an allegedly voidable deed canceled. Such an assertion is clearly distinguishable from the claim of right to title and possession of real property, which is the *sine qua non* of a suit in trespass to try title. *McCampbell v. Durst*, 15 Tex.Civ.App. 522, 40 S.W. 315 (1897, writ dism'd w. o. j.), with written opinion, 91 Tex. 147, 40 S.W. 955 (1897); *Carl v. Settegast*, 237 S.W. 238 (Tex. Comm'n App.1922, jdgmt adopted); *Brown v. Ramsey*, 472 S.W.2d 322 (Tex.Civ.App. 1971, writ ref'd n. r. e.). The assertion of a mere equitable right will not support a suit for trespass to try title, but must be brought in a separate suit, such as one to cancel a deed. Once successful in setting aside a deed, a party may later proceed to recover title by trespass to try title. *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671 (1942); *Carl v. Settegast, supra*; 4 Lange, *Texas Land Titles* § 335 (1961), 56 Tex.Jur.2d *Trespass to Try Title* § 3 at 61 (1964).

The distinction between a cause of action to set aside a deed, and one for trespass to try title is further illustrated by the fact that the four-year statute of limitations is applicable to the former, while the latter cause of action, being one for the recovery of real property, is not subject to limitations. *Brown v. Ramsey, supra.*

As appellants have pleaded a cause of action to set aside a voidable deed, the

Harris County judgment is not a bar. We reverse the judgment of the trial court and remand the cause for trial on the merits.

Reversed and Remanded.