ACCEPTED
03-12-00558-CV
4781058
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 6:32:36 AM
JEFFREY D. KYLE
CLERK

# No. 03-12-00558-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 6:32:36 AM
JEFFREY D. KYLE
Clerk

_____

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS JUDICIAL DISTRICT
AUSTIN, TEXAS

_____

**HAPPY JACK RANCH, INC. & FREDERICK J. BEHREND,**
*Appellants*
**VS**.
**HH&L DEVELOPMENT, INC., MATTHEW STOLHANDSKE,
TRUSTEE, & MICHAEL STRNAD,**
*Appellees*

_____

ON APPEAL FROM THE 22ND JUDICIAL DISTRICT COURT,
COMAL COUNTY, TEXAS, CAUSE NO. C2010-1022A
HON. CHARLES RAMSEY, PRESIDING

_____

### *APPELLEE  STRNAD'S  MOTION FOR REHEARING*
_____

Ted Cackowski
SBN: 03575900
ATTORNEY AT LAW
1141 N. Loop 1604 E. #105
San Antonio, TX 78232
Tele: 210 383 7277
Email: TedCLaw@aol.com

1

# No. 03-12-00558-CV

_____

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS JUDICIAL DISTRICT
AUSTIN, TEXAS

_____

**HAPPY JACK RANCH, INC. & FREDERICK J. BEHREND,**
*Appellants*
**VS**.
**HH&L DEVELOPMENT, INC., MATTHEW STOLHANDSKE,
TRUSTEE, & MICHAEL STRNAD,**
*Appellees*

_____

ON APPEAL FROM THE 22ND JUDICIAL DISTRICT COURT,
COMAL COUNTY, TEXAS, CAUSE NO. C2010-1022A
HON. CHARLES RAMSEY, PRESIDING

_____

### APPELLEE STRNAD'S MOTION FOR REHEARING

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee Michael Strnad asks this Court to revisit its decision and affirm the trial court's award of attorneys' fees to Michael Strnad.

2

**I. Rehearing points:**

(i) **Point One- Any error as to Appellee's attorneys' fees was not preserved:**

This court reversed as to attorney's fees, noting that it was error to award fees under the UDJA for an essentially Trespass to Try Title claim. The error, which not complained of in the Trial Court, nor assigned as error or briefed in this Court, was waived.

(ii) **Point Two- There is statutory basis in Property Code to support an award of attorneys' fees to Appellee Strnad:**

Absent findings of fact, conclusions of law, objection in the trial court and briefing in this Court, a general pleading for attorneys' is sufficient to support recovery of attorney's fees under any applicable statute. The statutory basis for attorney's fees in the Property Code is a specific remedy for an improper claim by an undisclosed beneficiary such as Behrend. The trial court's award of attorney's fees to Michael Strnad has a statutory basis in the Property Code that was not subsumed by the less specific and

more remote Trespass to Try Title Statute. As against a defendant not in possession, the assertion of an equitable right, such as cancellation of a deed procured by fraud, is not governed by the trespass-to-try-title statute.

(iii) **Point Three- A Appellant Behrend's improper invocation of UDJA is sufficient to award fees to a Defendant:**

A Plaintiff prosecuting what is essentially a Trespass to Try Title suit may not plead alternatively under the UDJA to recover attorneys' fees. However, a Defendant, such as Strnad, who is forced to defend an improper proceeding under the UDJA may receive his attorneys' fees. Even if Appellants erroneously invoked the UDJA, it was not error for Judge Ramsey to award attorney's fees to Strnad under the UDJA necessary for the defense of the misconceived action. Even the absence of subject matter jurisdiction

```
         does not deprive the defending party of fees
         once the plaintiff invokes the UDJA.
```

## II. Introduction

1. This is the third[1] suit Behrend has prosecuted against Strnad seeking declaratory relief regarding the four properties that at the time of this suit were titled in the name of Appellee HH&L DEVELOPMENT.  In this suit Behrend  insists that the Declaratory Judgment Act required that Strnad be a defendant. In the 2003 default judgment Beherend obtained  attorney's fees. A result that was only possible because  it was a default. Behrend likely will continue to use the judgment for attorneys  in the default judgment suit to relentlessly pursue  Strnad  through litigation if Strnad is not awarded offsetting attorneys fees in this case.

2. *Coinmach* did not hold that a Plaintiff erroneously prosecuting a Trespass to Try Title suit under the UDCJ was unwaivable error. There is line of cases holding to the error is waivable, including the Third Court.  Appellants did not make the necessary complaint in the trial court to preserve error.  There

---

[1] In Note 1 of this Court's opinion the Court observes : "The record is unclear as to whether Behrend's original petition in this prior suit sought a declaration regarding the four tracts at issue in this suit." An examination of the property descriptions confirms the identity of the subject four properties in all three suits. See   1.) CAUSE NO. C2003-0969B, in which the default judgement was taken against Strnad in 2003 [Tracts IX,  X, XI, XII, CR pgs, 351, 352];  2.) CAUSE NO. C2003-0325A, non suited after pending for six years, [Tracts III,  IV, V, VI, CR pg. 92]; and  3.) this suit, No.C2010-1022A below,  [CR pgs. 344, 345]. Though title originated in Happy Jack Ranch, Happy Jack Ranch  was not a party in the first two suits. Ron Flake, who was Brhrend's attorney in 1993 provided an affidavit. Flakes affidavit came after Judge Ramsey's May 25, 2012 order of dismissal [CR pg. 663]. Mr. Flake  averred [CR pg. 709] as follows:" ...acting as Mr. Behrend's attorney and as president of Happy Jack Ranch, Inc., I conveyed properties held by Happy Jack Ranch, Inc. to Michael Strnad. During the year 1993 the following four tracts were conveyed to Mr. Stmad in this manner:  [ *legal descriptions of the four subject properties followed*.]"

was no mention of the Trespass to Try Title statute, nor any argument that attorneys' fees were erroneously awarded because the suit was, in substance, a Trespass to Try Title suit. The specific ground was never complained of in the trial court, nor assigned as error and briefed in this Court. Behrend expressly pled [ CR pg. 344] the UDJA and filed an affidavit for $54,139.71 in fees and expenses [CR pg. 424]. Attorney Caziers affidavit included fees, not only this suit, but also included time and charges for C2003-0325A [ CR pg. 411] which was non suited after pending for six years.

3. Strnad was not in possession or seeking possession of the properties. *Coinmach* was a clear application of the construction maxim that that a specific statutory scheme governs a more general scheme. As to Strnad, Behrend sought, as an undisclosed beneficiary, a declaration for the cancellation of a deed. The legislature, just as it provided a specific treatment of Trespass to Try Title in the Property Code, so also provided a specific treatment for the claims of undisclosed beneficiaries in Property Code. The specific legislative remedy for a defendant resisting the claims of an undisclosed beneficiary includes attorneys fees.

4. Strnad's pleading for attorney's fees was general and not restricted to any specific statute. Because there were no findings of fact or conclusions of law, the award for attorney fees should be affirmed under any applicable legal theory. Because the claim against Strnad was for deed cancellation and Strnad was not in possession of the property, the claim was not subsumed in the Trespass to Try Title statute. The specific attorney's fees remedy in the Property Code for a party defending against an undisclosed beneficiary was not eliminated by *Coinmach*. *Coinmach* stands for proposition that a "plaintiff" may not proceed alternatively under UDJA to recover its attorney's

6

fees. [emphasis provided]. As will be seen below a "defendant" is accorded different treatment. A "defendant," such as Strnad, who is forced to defend a suit improperly invoking the UDJA, may recover fees under the UDJA.

## III. Argument and Authorities

### A. Point One-Error Waived

5. The Trespass to Try Title statute was not mentioned in any brief before this Court, nor was it mentioned in any pleading or hearing in the trial court.

6. In *Krabbe v. Anadarko Petroleum Corp.*, 46 S.W.3d 308 (Tex.App. — Amarillo 2001), as in this case, both appellant and appellee pled for and sought attorney's fees. The Court in *Krabbe* opined that any complaint that the suit was in essence Trespass to Try Title claim was waived:

> "Appellants did not preserve error in regard to the argument that attorneys' fees were erroneously awarded because the suit was, in substance, a trespass to try title suit. Because the error was not preserved and we have previously failed to find reversible error in the trial court's ruling that the lease did not terminate, we overrule appellant's second issue."

7

7. *Krabbe v. Anadarko Petroleum Corp.*, 46 S.W.3d 308 (Tex.App. — Amarillo 2001) was cited favorably in *Wheeler v. Phillips*, 03-10-00221-CV where Justice Goodwin opined:

> "We note that Wheeler did not urge at the trial court level that appellees' claim for declaratory relief was in essence an action for trespass to try title. See Krabbe v. Anadarko Petroleum Corp., 46 S.W.3d 308, 320-21 (Tex. App.--Amarillo 2001, pet. denied) (any error in permitting trespass-to-try-title claim under UDJA may be waived absent objection to that procedure); see also Archaeological Conservancy v. Wilson Land & Cattle Co., No. 03-08-00061-CV, 2010 Tex.App. LEXIS 2385, at *16 n.5 (Tex. App.--Austin Mar. 30, 2010, no pet.) (mem. op.)."

8. In PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION TO QUIET TITLE Behrend expressly pled [CR pg 344] the Declaratory Judgments Act:

> Because this is a suit under the Declaratory Judgments Act, Defendant Michael Strnad is joined as a part defendant pro forma only to the extent his rights may be affected by any judgment of the Court.

9. It is clear that Appellant Behrend was proceeding under the Declaratory Judgement Act. In his Motion or New Trial [CR pg. 688] Behrend argued:

> "For that reason, on January 30, 2012 Plaintiff amended its pleadings asking that the Court quiet title only as to the four tracts described in the deeds from Stolhandske to HH&L Development, Inc. Plaintiffs' live pleadings allege only a cause of action against HH&L Development, Inc. Stmad and

8

Stolhandske are included as nominal parties only because the Declaratory Judgments Act requires the joinder of any party whose rights may be affected by the Court's ruling."

10. Behrend also argued that his claim was invoking the UDJA in PLAINTIFF'S RESPONSE TO DEFENDANT STRNAD'S AMENDED MOTION TO DISMISS [CR pg 392].

11. It significant to note, that though Behrend captioned all his pleadings as "Quiet Title " [ CR pgs. 9, 189, 343] , Behrend's appellate council also characterized his suit as one for "declaratory relief. " In Appellants' Brief at page 8, in note 17, appellate council argues:

> "(1 CR 215-19). Behrend's partial summary judgment motion essentially reiterates the claims and arguments found within his petition for declaratory judgment. (1 CR 215-19)."

12. The Supreme Court explained the fundamental unfairness of allowing an error to be complained of for the first time on appeal. In *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 55 Tex.Sup.Ct. J. 624 (Tex. 2012) the Court opined:

> There are " important prudential considerations" behind our rules on preserving error. In re B.L.D., 113 S.W.3d 340, 350 (Tex.2003). First, requiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal. Id. Second, judicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error. Id. ("

Not only do the parties have the opportunity to develop and refine their arguments, but we have the benefit of other judicial review to focus and further analyze the questions at issue." ). Third, a party " should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." Id. (quoting Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex.1982) (per curiam)). For these reasons, to preserve this issue for appeal, the County needed to present its complaint to the trial court.

## B.    Point Two –Statutory Basis in Property Code

13. Strnad's prayer for attorney's fee was general and without statutory reference.    See FIRST AMENDED ORIGINAL ANSWER OF MICHAEL STRNAD [CR pg. 44] as follows:

> Defendants pray that Plaintiffs take nothing, that they have their costs, attorney's fees and all other relief to which they may be entitled at law or in equity.

14. Judge Ramsey did not make any findings of facts or conclusions of law. A general pleading will support and award of attorneys' fees under any legal theory. See *Smith v. Deneve,* 285 S.W.3d 904 (Tex.App.-Dallas 2009) as follows:

> Second, Deneve also pleaded paragraph 16, in which she separately and broadly asserted that she had to hire a lawyer to defend the suit and that Smith should have to pay for it. There was apparently no such broad

10

pleading in Kreighbaum . We conclude that Deneve's pleadings were sufficiently general to allow her to rely on any applicable provisions of law to support an award of attorneys' fees.

15. This Court cites *Coinmach Corp. v. Aspenwood Apartment Corp., 417 S.W.3d 909, 926 56 Tex. Sup.Ct. J. 77 (Tex. 2013)* for its conclusion that "As such, the trespass-to-try-title statute was the appellants' exclusive remedy, and the trial court abused its discretion by awarding attorney's fees under the UDJA." See Coinmach Corp., 417 S.W.3d at 926. In *Coinmach,* the Court did not go so far as to say that any and all claims and statutory remedies of all parties related to the same factual nucleus must be merged into the trespass to try title claim of the party seeking possession. In *Coinmach,* the Court did not subsume the DTPA claim and other torts into the trespass to try title envelope.

16. There is no hint in *Coinmach* that the attorney's fees allowed in a DTPA claim, for example, would be disallowed merely because the suit also involved a claim for possession. In this case, Strnad did not have possession and was not claiming possession. Behrend's only claim against Strnad, as prayed for in his petition, was essentially for the cancellation of a deed procured by fraud.[2] That claim is not governed by the trespass-to-try-title

---

[2] Behrend specifically prayed: "Declaring that the deeds from Defendant Stmad to Defendant Stolhandske, and in turn the deeds from Defendant HH&L Development, Inc., are void and convey no interest**, ordering such deeds removed from the title** to the property and quieting title in Plaintiff Behrend;…." [CR pg 348]. [emphasis provided]

11

statute. In *Wilhoite v. Sims*, 401 S.W.3d 752 (Tex.App.-Dallas 2013) the Court opined:

> The assertion of an equitable right, such as cancellation of a deed procured by fraud, is not governed by the trespass-to-try-title statute. Id. " Such an assertion is clearly distinguishable from the claim of right to title and possession of real property, which is the sine qua non of a suit in trespass to try title."

17. This Court credited Strnad's defense under the trust provisions of the Property Code as follows [Opinion pg. 8]:

> Moreover, regardless of whether Strnad held the properties in trust for Behrend, the existence of the trust would not render Strnad's prior conveyances to Stolhandske void. Rather, the Legislature has provided that when "property is conveyed or transferred to a trustee in trust but the conveyance or transfer does not identify the trust or disclose the names of the beneficiaries, the trustee may convey, transfer, or encumber the title to the property without subsequent question by a person who claims to be a beneficiary under the trust." Tex. Prop. Code § 114.082.

18. The legislature permits a person, such as Strnad, who must defend the claims of an undisclosed beneficiary, Behrend here, to recovery attorney's fees. Tex. Prop. Code § 114.064 provides as follows:

12

(a) In any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just.

19. Because Judge Ramsey made no findings of fact or conclusions of law , this Court this Court should affirm based on any applicable legal theory. In *Holt v. Kelso*, 03-11-00258-CV this Court stated the well established law:

We therefore imply "that the trial court made all findings necessary to support its judgment." See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); see also BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); Brazos River Auth. v. Gilliam, 429 S.W.2d 949, 951 (Tex. Civ. App.-Fort Worth 1968, writ ref'd n.r.e.) (noting that letter of trial court "helpful in giving the trial court's view of the controversy" but that appellate court was "governed by well recognized rule" that, "in the absence of findings of fact and conclusions of law the appellate court will presume that all fact issues having support in the evidence were found in support of the judgment"). We also must affirm the judgment "if it can be upheld on any legal theory that finds support in the evidence." Worford, 801 S.W.2d at 109; see BMC Software, 83 S.W.3d at 794.

20. The Court in *Coinmach Corp. v. Aspenwood Apartment Corp*., 417 S.W.3d 909, 56 Tex. Sup.Ct. J. 77 (Tex. 2013) did not extend its ruling to all situations indirectly related to "determinations of possessory interests in property" :

Aspenwood points out that, since our decision in Martin, some courts of appeals have held that the UDJA remains an appropriate alternative avenue

13

to determine property interests, at least when the dispute involves construction of a written agreement. See, e.g., Roberson v. City of Austin, 157 S.W.3d 130, 133 (Tex.App.-Austin 2005, no pet.) (UDJA available to determine validity of an easement agreement); Florey v. Estate of McConnell, 212 S.W.3d 439, 449 (Tex.App.-Austin 2006, pet. denied) (UDJA available in suit to determine validity of deed of trust). While we neither approve nor disapprove of the holdings in these cases, we note that they distinguish themselves from cases that involve determinations of possessory interests in property. Roberson, 157 S.W.3d at 136; Florey, 212 S.W.3d at 449.

21. Like the cases distinguished in *Coinmach*, the claims against Strnad were not for possession because Strnad was not in possession. *Florey v. Estate of McConnell,* 212 S.W.3d 439 (Tex.App.—Austin 2006) was one of the cases distinguished in *Coinmach*, see above. The Court in *Florey* opined that the legislature likely did not intend for the trespass to try title statute to displace every other statutory remedy however indirectly related to a claim for possession. In *Florey* the Court opined:

> Although a declaration regarding the validity of the deed of trust could ultimately have impacted title and possessory rights to the property, we doubt that the legislature intended for the trespass-to-try title statute to displace or subsume every statutory or common law claim (e.g., suits to rescind deeds) having such an impact. See generally 17 William V. Dorsaneo, Texas Litigation Guide § 257.01[3] [a], [4] (2005). The Estate's suit has a more indirect impact on title and possession to real property than the boundary dispute in Martin, and we conclude that its rationale does not apply here.

14

22. Behrend was seeking possession and title from Appellee HH&L DEVELOPMENT. Strnad did not have possession. Behrend's claims and express prayer in his last live pleading were clear that his claims against Strnad sought in essence cancellation of a deed allegedly procured by fraud. Such a claim is not a suit in trespass to try title. As the Court explained in *Wilhoite v. Sims*, 401 S.W.3d 752 (Tex.App.-Dallas 2013).

> The issue in this case was whether the quitclaim deed was voidable by being obtained by fraud, not whether Wilhoite's title was superior to Sims's. A suit for cancellation of a deed is an assertion of an equitable right, namely, the right to have a voidable deed cancelled. It is not a claim of right to title and possession of real property. See Tompkins v. Holman, 537 S.W.2d 98, 99 (Tex.Civ.App.-Austin 1976, writ ref'd n.r.e.). **The assertion of an equitable right, such as cancellation of a deed procured by fraud, is not governed by the trespass-to-try-title statute. Id. " Such an assertion is clearly distinguishable from the claim of right to title and possession of real property, which is the sine qua non of a suit in trespass to try title**."
>
> Id.    [emphasis added]

## C.    Point Three-Improper Invocation of UDJA is sufficient

23. An improper invocation of the UDJA is sufficient basis for a court to award attorneys' to the defending party. See *Devon Energy Production Co., L.P. v. KCS Resources, LLC*, 14-13-00348-CV as follows:

> Under the UDJA, the trial court has authority to award attorneys' fees and costs "[i]n any proceeding under this chapter." See Tex. Civ. Prac. & Rem. Code § 37.009. By seeking declaratory relief, Devon initiated a "proceeding under this chapter" that falls squarely within the plain language of Section 37.009.
>
> . . .
>
> Devon "invoked" the UDJA through its pleadings. KCS, therefore, was eligible to recover its attorneys' fees as a party defending a claim for declaratory relief. See Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 641– 43 (Tex. 2005); Bradt, 905 S.W.2d at 759–60; see also Corcoran v. Atascocita Cmty. Improvement Ass'n, Inc., No. 14-12-00982-CV, 2013 WL 5888127, at *9–12 (Tex. App.— Houston [14th Dist.] Oct. 31, 2013, pet. denied) (mem. op.) (affirming award of attorney's fees to third-party defendant against whom appellants filed suit). Therefore, regardless of whether Devon prevailed on its own claims, the trial court had jurisdiction over KCS's attorneys' fee claim for the defense of that litigation.

24. The Court in *Devon* further opined that even the absence of subject matter jurisdiction does not deprive the defending party of fees once the plaintiff invokes the UDJA :

> According to the Texas cases interpreting the UDJA on which KCS relies, the absence of subject matter jurisdiction over Devon's claims at the inception of the litigation has no effect on whether KCS could recover its fees under the UDJA for defending against them when Devon's pleadings invoked the statute. We therefore sustain KCS's cross-issue

25. As detailed above above, Behrend's counsel expressly pled in the trial court and argued in his Motion for New Trial that his petition was cast under

16

the Declaratory Judgment Act. That characterization was reiterated by appellate counsel in their briefing in this Court. The word "trespass" is never used in any brief in this Court, nor in any of Behrend's three petitions in the trial Court. Strnad was not in possession of the property. The only claim involving Strnad, as prayed for in Behrend's petitions, was essentially for the cancellation of a deed procured by fraud. That claim is not governed by the trespass-to-try-title statute. In *Wilhoite v. Sims*, 401 S.W.3d 752 (Tex.App.-Dallas 2013) the Court opined:

> The assertion of an equitable right, such as cancellation of a deed procured by fraud, is not governed by the trespass-to-try-title statute. Id. " Such an assertion is clearly distinguishable from the claim of right to title and possession of real property, which is the sine qua non of a suit in trespass to try title."

26. In "PLAINTIFFS' ORIGINAL PETITION TO QUIET TITLE" [CR pg. 16] Behrend alleged as follows:

> 6. Cause of Action Against Defendants Stolhandske and Strnad. As shown by the Default Judgment this Court has already judicially declared that Defendant Strnad owns and owned no title whatsoever to the properties in question. Plaintiffs allege that the special warranty deeds from Defendant Strnad to Defendant Stolhandske are void as a matter of law and convey no interest whatsoever to Defendant Stolhandske. Said deeds constitute a cloud on Plaintiffs title and **the Court should declare such deeds v**oid and ineffective and quiet title in Plaintiff Behrend. [emphasis added]
> …

8. All Parties Joined. All persons who have or claim any interest that may be affected by this Court's declarations have been made parties to this suit.

9. Attorney's Fees. Plaintiffs seek all reasonable and necessary attorney's fees in this case, which include the following:

27. "PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION TO QUIET TITLE" restated the same claim against Strnad verbatim. [ CR pg.195]. See also Behrend's second amended petition [CR pg. 348]. In Behrend's Motion for New Trial he forcefully argued that he was proceeding under the Declaratory Judgement Act [CR pg. 688]:

> "For that reason, on January 30, 2012 Plaintiff amended its pleadings asking that the Court quiet title only as to the four tracts described in the deeds from Stolhandske to HH&L Development, Inc. Plaintiffs' live pleadings allege only a cause of action against HH&L Development, Inc. ***Stmad and Stolhandske are included as nominal parties only because the Declaratory Judgments Act requires the joinder*** of any party whose rights may be affected by the Court's ruling." [emphasis added]

## IV. Conclusion and Prayer

28. All the years (now 12) of Behrend's relentless pursuit of Strnad was predicated upon his claim that Strnad was his trustee. The bogus nature of Behrend's claimed status as Strnad's beneficiary that underpinned the 2003 default Judgment against Strnad was confessed in affidavit of Behrend's attorney Ron Flake to be bogus. For reasons that are not clear, the affidavit [CR pg 709] was filed after Judge Ramsey had ruled. According to Flake,

18

title proceeded directly from Happy Jack to Strnad. There was no mention of a trust in Flake's affidavit. Behrend was simply a majority shareholder.

29. Behrend will continue to use the judgment for attorneys in the 2003 default judgment suit to relentlessly pursue Strnad through litigation if Strnad is not awarded offsetting attorneys fees in this case.

30. For the above reasons, the Court is requested to reconsider it reversal of attorneys' fees and credit the discretion of Judge Ramsey who was familiar with the parties and the facts.

.

Respectfully submitted,

/s/ *Ted Cackowski*

_____

TED CACKOWSKI
SBN: 03575900

1141 N. Loop 1604 E. #105
San Antonio, TX 78232
Tele: 210 383 7277
Facs: 866-271-5336
Email: TedCLaw@aol.com
ATTORNEY FOR APPELLEE
MICHAEL STRNAD

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document contains  3901 words according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(i)(2), excluding exempt items.

/s/ *Ted Cackowski*

CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing document has been served on counsel of record for all parties via E-filing on the date it was filed.

/s/ *Ted Cackowski*

Ms. Kimberly S. Keller
Keller Stolarczyk, P.L.L.C.
234 West Bandera Road, #120
Boerne, TX 78006

Shane Stolarczyk
SBN: 24014182
KELLER STOLARCZYK PLLC
234 West Bandera Road #120
Boerne, Texas 78006

Allen Cazier,
Law Offices of Allen Cazier
8626 Tesoro Drive, Suite 500
San Antonio, Texas 78217

Mr. Pascual Madrigal
Law Offices of Pascual Madrigal
9504 N. IH 35, Suite 316
San Antonio, TX 78233

Mr. Matt C. Stolhandske
1004 South St. Mary's
San Antonio, TX 78205